IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH HEIKEN, | § § | |
| Plaintiff, | § § | C.A. No. 3:18-CV-00693-MEM |
| v. | § § | Hon. Malachy E. Mannion |
| SOUTHWESTERN ENERGY, and DAVID BOWMAN, | § § § | |
| Defendants. | § § | |

## **DEFENDANT SOUTHWESTERN ENERGY COMPANY'S ANSWER**

Defendant Southwestern Energy Company ("SWN" or "Defendant") hereby submits its Answer to the Complaint (the "Complaint") [Dkt. No. 1] of Plaintiff Keith Heiken ("Heiken" or "Plaintiff").

Defendant avers to answer the individually enumerated paragraphs. However, because many of Plaintiff's paragraphs contain multiple factual allegations, and without waiving its defenses, Defendant denies any and all averments in the Complaint not expressly admitted herein as follows:

## **COMPLAINT**

First Unnumbered Paragraph: Defendant admits Plaintiff brings his Complaint through his attorney but denies that Defendant is liable for any of the conduct alleged in the Complaint and denies the remaining allegations contained in this first unnumbered paragraph.

1

## INTRODUCTION

1. Defendant admits that Plaintiff is a former employee. Defendant denies the remaining allegations contained in Paragraph 1.

2. Defendant admits Plaintiff brings a claim against David Bowman. Defendant denies the remaining allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. The allegations in Paragraph 3 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

4. The allegations in Paragraph 4 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendant admits the allegations in Paragraph 4.

5. The allegations in Paragraph 5 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendant admits the allegations in Paragraph 5.

6. The allegations in Paragraph 6 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 6.

7. Defendant admits that it conducts business in the Middle District of Pennsylvania. Defendant denies the remaining allegations in Paragraph 7.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. The allegations in Paragraph 8 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 8.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant admits Plaintiff filed a charge of discrimination on or about August 7, 2017, alleging sex discrimination, retaliation, and sexual harassment. Defendant further admits the charge number is 530-2017-03540. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 10. To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 10.

11. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 11. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 12. To the extent a response is response is required, Defendant denies the allegations in Paragraph 12.

13. Defendant admits the allegations contained in Paragraph 13.

14. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 14. To the extent a response is required,

Defendant denies the allegations in Paragraph 14.

## PARTIES

15. The allegations in Paragraph 15 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 15.

16. Defendant admits that the stated age for Plaintiff is accurate. Defendant further admits that Plaintiff was formerly employed by Defendant from October 29, 2012 until on or about June 27, 2017. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 16. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 16.

17. Defendant admits the allegations contained in Paragraph 17.

18. Defendant admits that individual defendant David Bowman ("Bowman") is a current SWN employee. Defendant denies the remaining allegations contained in Paragraph 18.

## FACTUAL BACKGROUND

19. The allegations in Paragraph 19 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant admits Plaintiff met with Greg Osbourne and Justin Moore on May 9, 2017 but denies the remaining allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant admits that Plaintiff made a comment that he planned to consult an attorney. Defendant denies the remaining allegations contained in Paragraph 27.

28. Defendant admits that Plaintiff made additional complaints about Bowman. Defendant denies the remaining allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant admits that Plaintiff contacted Matthew Briggs on May 11, 2017. Defendant denies the remaining allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant admits that Plaintiff went on vacation in May 2017. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 32. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 32.

33. Defendant admits Plaintiff contacted Mitzi Burkinshaw in May 2017. Defendant denies the remaining allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant admits Plaintiff told Burkinshaw about his subjective beliefs regarding Justin Moore's alleged biases, but Defendant denies that Moore was biased against Plaintiff and denies the remaining allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant admits that David Dell'Osso asked Plaintiff to attend a meeting on or about May 31, 2017. Defendant denies the remaining allegations contained in Paragraph 42.

43. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 43, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 43.

44. Defendant admits that Plaintiff stated Bowman's alleged conduct would not affect his productivity or ability to do his job. Defendant denies the remaining allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

47. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 47. To the extent a response is required, Defendant denies the allegations contained in Paragraph 47.

48. Defendant denies the allegations contained in Paragraph 48.

49. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 49. To the extent a response is required, Defendant denies the allegations contained in Paragraph 49.

50. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 50. To the extent a response is required, Defendant denies the allegations contained in Paragraph 50.

51. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 51. To the extent a response is required, Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant lacks sufficient information to admit or deny the

allegations contained in Paragraph 53. To the extent a response is required, Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant denies the allegations contained in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant denies the allegations contained in Paragraph 58.

## COUNT I
### Title VII Sex / Sexual Harassment / Hostile Work Environment / Retaliation
*Plaintiff v. Southwestern*

59. The allegations in Paragraph 59 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations contained in Paragraph 60.

61. Defendant denies the allegations contained in Paragraph 61.

62. Defendant denies the allegations contained in Paragraph 62.

63. Defendant denies the allegations contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64.

## COUNT II
## Common Law Battery
### *Plaintiff v. Bowman*

65. The allegations in Paragraph 65 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations contained in Paragraph 66.

67. Defendant denies the allegations contained in Paragraph 67.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any of the relief sought in the prayer for relief on pages 11-14 (a)-(l), inclusive.

## AFFIRMATIVE AND OTHER DEFENSES

1. At all times, Plaintiff's employment was terminable at will by either Plaintiff or Defendant, with or without cause.

2. Plaintiff's claims are barred to the extent Plaintiff lacks standing to pursue such claims.

3. Defendant exercised reasonable care to prevent and promptly correct any discrimination, harassment, or retaliation, and Plaintiff unreasonably failed to take advantage of any preventative and corrective activities provided by Defendant, or to otherwise avoid the harm. Defendant has established employment discrimination, harassment, and retaliation policies, and Plaintiff failed to promptly

notify Defendant about the alleged discrimination, harassment, or retaliation, pursuant to said policy, so that Defendant could have investigated the matter and taken remedial action, if necessary.

4. Plaintiff's claims are based on objectively reasonable conduct.

5. Defendant used its reasonable business judgment in terminating Plaintiff's employment.

6. Defendant's conduct was not severe or pervasive.

7. Plaintiff's claims are barred, in whole or in part, because Defendant never acted with reckless indifference, maliciously, or willfully toward Plaintiff so as to be liable for any claim or damage issue herein.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission of Defendant.

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate or to attempt to mitigate damages, if any, and Defendant is entitled to offset the amount Plaintiff earned or could have earned.

10. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, offset, and/or setoff.

11. Plaintiff's claim for front pay is too speculative to be permitted.

12. Plaintiff's claims for money damages and attorneys' fees and costs are barred, in whole or in part, because Defendant would have made the same

employment decisions regarding Plaintiff in the absence of any alleged impermissible motivating factor, if such is found to have occurred.

13. Plaintiff is barred from punitive damages because any alleged discriminatory acts on the part of the Defendant's managerial employees were contrary to the Defendant's good faith efforts to comply with the law by implementing and enforcing policies and programs designed to prevent unlawful discrimination.

14. SWN is not liable for the conduct of Defendant David Bowman alleged in Count II of the Complaint.

Defendant reserves the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY, P.C.**

By: */s/Thomas G. Collins*
Thomas G. Collins, Esquire
PA Attorney I.D. 75896
409 North Second Street, Suite 500
Harrisburg, PA  17101
Telephone:  (717) 237-4800

**FOLEY GARDERE**
**FOLEY & LARDNER LLP**

Rachel Powitzky Steely
*(Pro hac vice - Admission Pending)*
Texas Bar No. 00792770
Email:  rsteely@foley.com
Michael F. Ryan
Texas Bar No. 24098362
Email:  mryan@foley.com
1000 Louisiana Street, Suite 2000
Houston, Texas  77002-5007
Telephone:   713.276.5500
Facsimile:    713.276.5555

**ATTORNEYS FOR DEFENDANT SOUTHWESTERN ENERGY COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was transmitted to the Court electronically for filing and for electronic service upon the following attorneys of record this 12th day of June, 2018:

W. Charles Sipio
Kolman Ely, P.C.
414 Hulmeville Avenue
Penndel, PA 19047
*Counsel for Plaintiff*

*/s/ Thomas G. Collins*
Thomas G. Collins