UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH HEIKEN,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-693 |
| v. | : | (JUDGE MANNION) |
| **SOUTHWESTERN ENERGY and DAVID BOWMAN,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## MEMORANDUM

Pending before the court is the report and recommendation of Magistrate Judge Martin C. Carlson which recommends that the motion for summary judgment filed by defendant Southwestern Energy ("Southwestern") (Doc 37) be granted and the cross motions for summary judgment filed by plaintiff and defendant Bowman (Doc. 31, Doc. 34 respectively) be dismissed as moot. (Doc. 61). The plaintiff has filed objections to Judge Carlson's report and recommendation. (Doc. 62). Based upon the court's review of the record, the report and recommendation of Judge Carlson will be **ADOPTED IN ITS ENTIRETY**.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v.

Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The plaintiff's claims arise out of an incident wherein defendant Bowman allegedly grabbed or poked the plaintiff in the buttocks while the two were working for defendant Southwestern. The plaintiff filed a harassment complaint with Southwestern about the incident. Southwestern

investigated the incident and disciplined defendant Bowman, who never repeated the behavior thereafter. The plaintiff complained, however, that defendant Bowman's discipline should have been more severe. Approximately two months after the plaintiff's complaint of harassment, he was terminated from his employment with Southwestern, with job performance being stated as the reason. The plaintiff subsequently brought this action against Southwestern alleging claims of sexual harassment, sex discrimination and retaliation pursuant to Title VII of the Civil Rights Act. The plaintiff also alleges a state law battery claim against defendant Bowman.

After the close of discovery, the parties filed and briefed the pending motions for summary judgment. Judge Carlson then issued the instant report and recommendation. In considering the plaintiff's claims against defendant Southwestern and Southwestern's related motion for summary judgment, Judge Carlson set forth the familiar standards for discrimination and retaliation under Title VII. Applying the law to the facts of this case, Judge Carlson determined that the plaintiff's claims against Southwestern fail as a matter of law.

While "entirely inappropriate," Judge Carlson determined that the plaintiff did not establish that the conduct alleged in this case was gender based or sexually motivated. In order to show that he was subject to sexual

harassment that created a hostile work environment, Judge Carlson noted that the plaintiff must show that he suffered intentional discrimination because of his sex and the discrimination was sufficiently severe or pervasive as to alter the conditions of his work environment. <u>Bumbarger v. New Enterprise Stone and Lime Co., Inc.</u>, 170 F.Supp.3d 801, 828 (E.D.Pa. 2016).

Initially, Judge Carlson found that the plaintiff had not set forth any evidence to indicate that the conduct alleged occurred because of his gender. In order to demonstrate that same-sex harassment was motivated because of sex, Judge Carlson found that the plaintiff must establish that defendant Bowman was motivated by sexual desire, he was expressing general hostility to the presence of one sex in the workplace, or he was acting to punish the plaintiff's noncompliance with gender stereotypes. <u>Bibby v. Phila. Coca Cola Bottling Co.</u>, 360 F.3d 257, 264 (3d Cir. 2001). Judge Carlson determined that the plaintiff had not brought forth any evidence or argument to establish any of these factors. Instead, the plaintiff simply argued that defendant Bowman grabbed or touched him near his buttocks, and on this basis, it could be inferred that he was discriminated against because of his sex. Judge Carlson outlined the case law which holds that

such behavior, while improper, does not, by itself, create an inference of sex-based discrimination. (Doc. 61, pp. 17-18 (citations omitted)).

Further, citing to the standard outlined by the Third Circuit, as well as a line of cases from courts within the Third Circuit applying that standard, Judge Carlson found that the single incident of what appeared to be inappropriate touching did not constitute severe or pervasive conduct to support a hostile work environment claim.

Finally, even if the plaintiff could show that he was discriminated against because of his sex and that the conduct complained of was severe or pervasive, Judge Carlson found that the evidence showed that Southwestern took prompt steps to remedy the harassment and that the harassment did not occur again. Given the case law which holds that when an employer's response to a complaint of harassment stops the harassment, there can be no employer liability under Title VII, and because Southwestern's remedial action was adequate, Judge Carlson found that it could not be held liable under Title VII.

In a similar manner, Judge Carlson found, to the extent that the plaintiff asserts that his employment was terminated because of his gender, his claim fails as a matter of law. Here, Judge Carlson again found that the plaintiff had not pointed to any evidence in the record to show that he was

discriminated against because of his sex. Moreover, the plaintiff conceded that he was replaced by another male when he was terminated. While the plaintiff argued that he would have been treated differently if he were a female, Judge Carlson found that there was no evidence of any females who were the subject of the same type of behavior, but were treated differently or more favorably then the plaintiff, so as to constitute adequate comparator evidence. As such, Judge Carlson found that the plaintiff had failed to establish a *prima facie* case of sex discrimination.

In light of the foregoing, Judge Carlson has recommended that judgment be entered in defendant Southwestern's favor as a matter of law on the plaintiff's sexual harassment and sex discrimination claims under Title VII. The plaintiff has not objected to Judge Carlson's recommendation with respect to these claims. Upon review, the court finds no clear error of record and agrees with the sound reasoning which led Judge Carlson to his conclusions as to these claims. As such, the report and recommendation will be adopted with respect to the plaintiff's sexual harassment and sex discrimination claims against defendant Southwestern.

With respect to the plaintiff's claim that he was retaliated against for reporting the sexual harassment when he was terminated from his employment, Judge Carlson found that, in order to state a *prima facie* claim

for retaliation, the plaintiff must show that he engaged in protected activity, was subject to adverse action, and a causal connection between the protected activity and the adverse employment action. Carvalho-Grevious v. Delaware State Univ., 851 F.3d 249, 257 (3d Cir. 2017). In this case, there is no dispute that the plaintiff engaged in protected activity when he reported the harassment to his superiors and the Human Resources Department. There is also no dispute that the plaintiff's termination constitutes an adverse employment action. However, Judge Carlson found that the plaintiff has not met his burden to establish that his harassment complaint was the but-for cause of his termination. To this extent, Judge Carlson pointed out that the plaintiff had no direct evidence of discrimination. Relying on the plaintiff's testimony that he believed his harassment complaint was the reason for his termination because of the timeline of his complaint to his termination, Judge Carlson determined that the period of two months between the plaintiff's reporting of the harassment and his termination was not an unusually suggestive temporal proximity and, standing alone, was insufficient to establish causation. Because the plaintiff set forth no other evidence of retaliatory animus in the two-month period at issue, Judge Carlson concluded that he had failed to make a *prima facie* showing of retaliation.

The plaintiff's objections center on Judge Carlson's findings with respect to his retaliation claim. Specifically, the plaintiff argues that he engaged in two instances of protected activity. The first was the reporting of the harassment on May 11, 2017, and the second was a complaint he made after May 30, 2017 about the failure to sufficiently discipline defendant Bowman for the harassment. He argues that he was terminated on June 27, 2017, less than one month after his complaint that defendant Bowman had not sufficiently been disciplined. The plaintiff argues, therefore, that the temporal proximity between his complaint that the discipline of defendant Bowman was insufficient and his termination is unusually suggestive of retaliation. The apparent flaw with the plaintiff's argument is the fact that the plaintiff himself testified that it was the harassment complaint that was the cause of his termination, not his complaint that the discipline of defendant Bowman was insufficient or for any other reason for that matter. (Doc. 39-1, at 90). Considering the authority citied, the court agrees with the conclusion of Judge Carlson that the time between the plaintiff's complaint of harassment, which he himself testified was the sole cause of his termination, and his termination is not unduly suggestive of retaliation.

Even where the time between the complaint and the adverse action is not unduly suggestive, however, if the plaintiff can set forth other evidence

of retaliatory animus during the intervening time, causation can be established. Krouse v. Am. Sterilizer Co., 126 F.3d 494, 504 (3d Cir. 1997). Here, Judge Carlson found that the plaintiff had not set forth any other evidence of retaliatory animus in the intervening two-month period between his harassment complaint and the time of his termination. Judge Carlson pointed out that it was the plaintiff's testimony that the sole cause of his termination was the timeline between his complaint of harassment and his termination. Judge Carlson provided that, with no evidentiary support, the plaintiff asserted that he believes the defendants manufactured an investigation into management during the intervening period in order to create a pretext for his termination. Judge Carlson found these unsubstantiated allegations insufficient at the motion for summary judgment stage to show that his harassment complaint was the but-for cause of his termination.

In his objections, the plaintiff argues that he suffered from an intervening pattern of antagonism between the time of his second complaint regarding the discipline of defendant Bowman to the time of his termination. To this extent, he argues that he was accused of having a nefarious agenda against defendant Bowman and was *de facto* investigated under the bogus guise of a "cultural investigation" and found to be one of two leaders of a

partisan group in opposition to defendant Bowman. He argues that the investigation had neither integrity nor methodology.

In considering the plaintiffs objections, again, the court considers the plaintiff's own testimony. That testimony was that his complaint of harassment was the sole cause for his termination, not the investigation or anything else. Moreover, regardless of his "belief" that the investigation was manufactured, the plaintiff has provided no evidentiary support of this. The court agrees with Judge Carlson, therefore, that the plaintiff has failed to establish at this stage of the proceedings that his complaint was the but-for cause of his termination.[1] As such, the court will also adopt the recommendation with respect to the plaintiff's retaliation claim against defendant Southwestern.

With the finding that defendant Southwestern is entitled to summary judgment on the plaintiff's federal claims, the court will further adopt Judge Carlson's recommendation that the court should decline to exercise supplemental jurisdiction over the state law battery claim against defendant Bowman. As such, the cross motions for summary judgment filed by plaintiff and defendant Bowman will be dismissed as moot.

---

[1] Because the court has found that the plaintiff has failed to establish causation, the remainder of the plaintiff's objections to the report and recommendation of Judge Carlson need not be considered here in.

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 18, 2021**
18-693-01