**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1734
_____

KEITH HEIKEN,

                                        Appellant

v.

SOUTHWESTERN ENERGY; DAVID BOWMAN

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-00693)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 17, 2023

Before: AMBRO, PORTER, and FREEMAN, Circuit Judges

(Opinion filed: January 24, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**AMBRO**, Circuit Judge.

Keith Heiken appeals the District Court's grant of summary judgment dismissing his Title VII retaliation claim. We affirm because we agree with the District Court that (1) Heiken failed to show a causal connection between his protected conduct and his termination, and (2) his employer provided unrebutted evidence of a legitimate, nondiscriminatory reason for his termination.

**I.**

Southwestern Energy Co. is an oil-and-gas company. Keith Heiken worked in its Pennsylvania office as a Completions Superintendent, and David Bowman was a Production Maintenance Superintendent in the same office. Their jobs required them to be in regular communication because they managed teams that worked together to ensure smooth and safe operations.

On May 8, 2017, Heiken was standing in the doorway of an office talking to two colleagues when Bowman grabbed or poked his butt. The next day, Heiken complained that Bowman inappropriately touched him, and Greg Osbourne from Southwestern's Human Resources department immediately started investigating the incident. Osbourne interviewed Bowman, who admitted to poking Heiken's butt but denied more than a poke. Osbourne issued Bowman a written warning that he could be terminated if he inappropriately touched someone again. Heiken did not believe the written warning was severe enough, so on May 15 he complained that Bowman should have been fired. Heiken again complained that the discipline was insufficient on May 30.

At the same time, Southwestern had operations and leadership issues in the Pennsylvania office that it had been trying to resolve since 2015. Between 2015 and 2017, Southwestern organized management trainings, hired a new regional manager named David Dell'Osso, and fired several managers who were underperforming or unwilling to follow the new leadership's changes. As Southwestern made these leadership changes, Heiken told the new manager, Dell'Osso, that he was not on board with the new direction.

After years of concerns about failing leadership, Southwestern conducted a management assessment in early June 2017. Following the assessment, Southwestern terminated Heiken and one other manager on June 27, 2017. Southwestern said it terminated Heiken for poor performance and leadership problems dating back to 2015.

Heiken argues he was terminated in retaliation for reporting sexual misconduct. He sued Southwestern for sexual harassment, hostile work environment, gender discrimination, and retaliation under Title VII, and he sued Bowman for battery. The District Court granted summary judgment for Southwestern on the claims against it and dismissed the claim against Bowman without prejudice because it declined to exercise supplemental jurisdiction over the state-law battery claim. Heiken timely appealed, arguing only that the grant of summary judgment on the *retaliation claim* was improper. *See* Heiken Br. at 23-26.

The District Court had federal question jurisdiction over Heiken's Title VII claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law battery claim under 28 U.S.C. § 1367. We have appellate jurisdiction under 28 U.S.C. § 1291. We

3

review a District Court's grant of summary judgment *de novo*, viewing the facts in the non-movant's favor. *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121, 125 (3d Cir. 2022).

## II.

To survive a motion for summary judgment on a retaliation claim, Heiken must put forth evidence showing that (1) he engaged in protected activity, (2) Southwestern took an adverse action against him, and (3) a causal connection exists between the two. *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017). If the employee establishes a *prima facie* case of retaliation, the burden shifts to the employer to advance a legitimate, non-retaliatory reason for its conduct. *Moore v. City of Phila.*, 461 F.3d 331, 342 (3d Cir. 2006). If the employer provides such a reason, "the plaintiff must be able to convince the factfinder both that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action." *Id.*

The parties agree that the first two elements of the retaliation claim are satisfied. Heiken's complaint about inappropriate touching was protected activity, and he was fired. However, they disagree whether Heiken has shown a causal connection. He testified that there is a causal connection "based on the timeline." App. 780-81. But he was fired on June 27, 2017. That was seven weeks after he complained of the misconduct on May 8, six weeks after his first complaint that Bowman's punishment was insufficient on May 15, and four weeks after his last complaint about the deficient discipline on May 30. Even the most generous reading of the temporal proximity is not, on its own, unduly suggestive of a causal link. *See Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (three weeks not unduly suggestive).

4

Heiken could have submitted other evidence of retaliatory ill will to prove a causal connection. *See Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 503-04 (3d Cir. 1997) ("When temporal proximity between protected activity and allegedly retaliatory conduct is missing, courts may look to the intervening period for other evidence of retaliatory animus."). But he did not do so. He argued at the District Court and in his brief on appeal that Southwestern manufactured the entire management assessment as an excuse to fire him, but he does not support this claim with any evidence. Heiken Br. at 25; App. 27 (R&R), 41-42 (Memorandum). Arguing the assessment was a sham without providing support in the record is not enough to survive a motion for summary judgment. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010) ("Unsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment.").

Southwestern, on the other hand, did support its stated reason for terminating Heiken. Between his disagreement with leadership changes and his poor results in the management assessment, Southwestern produced a legitimate, nondiscriminatory reason for his termination. Because Heiken can neither show a causal connection between his complaint and his termination nor provide evidence to rebut his employer's stated reason for his termination, he has failed to create a genuine issue of material fact sufficient to overcome Southwestern's motion for summary judgment.

*   *   *

We thus affirm the judgment of the District Court.